**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**ORANGEBURG DIVISION**

| | | |
|---|---|---|
| BRIAN W. EVANS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:10-2029-MBS-JRM |
| | ) | |
| v. | ) | |
| | ) | |
| ALLIED AIR ENTERPRISES, INC., | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |

Plaintiff Brian W. Evans ("Evans") filed this case against his former employer, Allied Air Enterprises, Inc., alleging violations of the Americans with Disabilities Act ("ADA"), the Family and Medical Leave Act ("FMLA"), the Employee Retirement Income Security Act ("ERISA"), and a supplemental claim for intentional infliction of emotional distress.[1] Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and (6), Fed.R.Civ.P., on November 11, 2010. Evans filed a response on December 2, 2010. Defendant filed a reply on December 13, 2010. The motion to dismiss is based on Evans' failure to include his claims against Defendant as an asset in a bankruptcy case he filed after he was terminated. The Bankruptcy Trustee, Kevin Campbell, ("the Trustee") filed a motion to intervene in the present case on December 9, 2010, and an amended motion on December 10, 2010.

**Background**

The following background of this case is undisputed:

---

[1] Pretrial motions in this case were automatically referred to the undersigned pursuant to Local Civil Rule 73.02(B)(2)(g) DSC. The Defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1. Evans was terminated by Defendant on August 4, 2008.

2. Evans filed a charge of discrimination with the EEOC on February 6, 2009.

3. Evans, through counsel, filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the District of South Carolina on June 27, 2009. In that petition, Evans stated under oath that the had no contingent or unliquidated claims.

4. The bankruptcy case was closed by order dated November 17, 2009.

5. A right to sue letter was issued to Evans on July 23, 2010.

6. The present case was filed on August 3, 2010.

7. Defendant filed a motion to dismiss on November 11, 2010, asserting that the case should be dismissed for lack of standing and judicial estoppel based on Evans' failure to list his claims against Defendant in the bankruptcy proceeding.

8. Evans filed a motion in United States Bankruptcy Court to reopen his bankruptcy case on November 18, 2010.

9. The bankruptcy case was reopened by order filed November 30, 2010.

10. After a hearing on November 30, 2010, the motion to reopen the bankruptcy case was granted.

11. Evans' "Statement of Financial Affairs" previously filed with the Bankruptcy Court was amended to show the present case.

12. The Trustee filed a motion to intervene in the present case on December 9, 2010, and an amended motion to intervene on December 10, 2010.

**Discussion**

**1. Subject Matter Jurisdiction**

Defendant's motion to dismiss, which was filed before Evans' bankruptcy case was reopened and the Trustee filed his motions to intervene, argues that this case should be dismissed "under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction because Evans does not have standing to sue in light of his bankruptcy petition." (Def.Mem., p. 2).

The issue of standing is a "threshold jurisdictional question." Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001) (citing Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 102 (1998)). "A court does not have subject matter jurisdiction over an individual who does not have standing." Brockington v. Jones, No. 4:05-3267-RBH-TER, 2007 WL 4812205, *3 (D.S.C., Nov. 28, 2007) (quoting Atlantigas Corp. v. Columbia Gas Transmission Corp., No. 05-2180, 210 Fed.App'x 244, 247 (4th Cir. 2006)) (unpublished).

A cause of action that arises before the filing of a Chapter 7 bankruptcy petition becomes the property of the bankruptcy estate. Sigmon v. Potter, No. 3:06cv477, 2008 WL 486589, *2 (W.D.N.C. Feb. 19, 2008). "(B)ecause the plaintiff's pre-petition claims become an asset of the bankruptcy estate, the plaintiff no longer has the standing to pursue them." Wright v. Guess, No. 3:08-4130-JFA, 2010 WL 348377, *1 (D.S.C., Jan. 25, 2010). "If a cause of action is part of the estate of the bankruptcy then the trustee alone has standing to bring that claim." Glenn v. Bank of America, No. 6:10-1974-HMH, 2010 WL 3786171, *3 (D.S.C., Sept. 22, 2010) (quoting Nat'l Am.Ins.Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999)). "A debtor may pursue a claim only upon a showing that 'the claim was exempt from the estate or abandoned by the trustee.'" Id. (quoting Miller v. Pacific Shore Funding, 287 B.R. 47, 50 (D.Md. 2002)).

It is undisputed that Evans' claims contained in the present case arose prior to the filing of his bankruptcy petition. His EEOC charge was filed prior to the filing of his bankruptcy petition. Further, "if a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate, and the trustee remains the real party in interest. Matthews v. Potter, No. 08-1980, 316 Fed.App'x 518, 521 (7th Cir. 2009) (citing 11 U.S.C. § 554(d) and Parker v. Wendy's Int'l., Inc., 365 F.3d 1268, 1272 (11th Cir. 2004)).

Evans argues that the Trustee now has standing to pursue his claims based on the reopening of the bankruptcy case (assuming the Trustee's motions to intervene are granted), and that he (Evans) has standing to pursue those claims which are exempt from the bankruptcy estate or otherwise not a part of the estate. (Pl.Mem., 4-13).

    a. Standing of Trustee

In Detrick v. Panalpina, Inc., 108 F.3d 529, 536 (4th Cir. 1997), the Fourth Circuit affirmed the district court's denial of Defendant's motion to dismiss based on the trustee's lack of standing because the bankruptcy case had been reopened, and at that point, the trustee had standing to pursue the plaintiff's claims despite the fact that the trustee had not been substituted as the party plaintiff. The case presently before the Court is in the same posture. The Trustee's motion to intervene has not been granted. Upon the granting of that motion, the Trustee will gain standing to pursue Evans' claims.

    b. Exempt or Excluded Claims

Evans also argues that he, and not the Trustee, has standing to pursue any claims that are exempt or otherwise excluded from the bankruptcy case. He identifies his claims for intentional infliction of emotional distress; emotional injuries under the ADA; damages to his retirement benefits

under the ADA, FMLA, and ERISA; the loss of health insurance benefits for his disabled son; and his claims for injunctive relief.

As discussed above, the Trustee has standing to pursue those claims which are a part of the bankruptcy estate. A debtor may pursue his claims which are not a part of the bankruptcy estate such as claims that are exempt or those that have been abandoned by the Trustee. Evans has filed Amended Schedules B and C to his Statement of Financial Affairs filed in Bankruptcy Court which list the present action as an asset of the bankruptcy estate (Schedule B) and property claimed as exempt from the bankruptcy estate including "Contingent and Unliquidated Claims of Every Nature" in the present case based upon exemptions under South Carolina statutory law (Schedule C)[2]. Thus, it would appear that either the Trustee or Evans has standing to pursue all claims alleged in the present action.

**2. Judicial Estoppel**

Defendant argues that Evans' claims, whether pursued by him or the Trustee, are barred by the doctrine of judicial estoppel. "Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Whitten v. Fred's, Inc., 601 F.3d 231, 241 (4th Cir. 2010) (quoting Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir. 1996)). The Fourth Circuit has devised a four point analysis to use when judicial estoppel is to be applied. The party asserting the doctrine must show: (1) the party to be estopped is advancing an assertion that is inconsistent with a position taken during previous

---

[2] Copies of the amended schedules are attached to Evans' motion for the Court to take judicial notice of his bankruptcy pleadings.

litigation; (2) the position is one of fact rather than law; (3) the prior position was accepted by the court in the first proceeding; and (4) the party to be estopped has acted intentionally and not inadvertently. Folio v. City of Clarksburg, W.Va., 134 F.3d 1211, 1217 (4th Cir. 1998). Bad faith on the part of the party to be estopped is the determinative factor. Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir. 2007).

The Fourth Circuit has recognized that "(j)udicial estoppel has often been applied to bar a civil lawsuit brought by a plaintiff who concealed the existence of the legal claim from creditors by omitting the lawsuit from his bankruptcy petition." Whitten v. Fred's, Inc., 601 F.3d at 241 (citing Cannon-Stokes v. Potter, 453 F.3d 446, 448 (7th Cir. 2006). *See also* Thomas v. Palmetto Management Services, No. 3:05-17-CMC-BM, 2006 WL 2623917, *3 (D.S.C., Sept. 11, 2006) and Malloy v. Reed, No. 05-cv-107-CVE-FHM, 2006 WL 2320594, *3 (N.D.Okla., Aug. 9, 2006) (collecting cases). The rationale underlying these cases is that the concealment of the legal claim from the creditors of the bankruptcy estate demonstrates bad faith on the part of the debtor. In Whitten, the Fourth Circuit held that there was no bad faith because the debtor had actually disclosed the existence of the potential legal claim to the trustee and her creditors even though she failed to supplement her bankruptcy pleadings to list her claim. The plaintiff's actual disclosure obviated a finding of bad faith.

In the present case, Evans offers a different argument. He contends that there was no bad faith because his failure to list his claims against Defendant was inadvertent. He cites evidence in the record, i.e., the affidavits of himself and his former attorney as well as their testimony before the Bankruptcy Court at the hearing on the motion to reopen the bankruptcy case, for support. Although there are serious difference between the statements of Evans and his bankruptcy attorney, they both

agree that Evans told his bankruptcy attorney of the potential claim. Further, it is undisputed that the potential claims against Defendant were not listed in the appropriate schedule and the creditors were not informed of the potential claims until the bankruptcy case was reopened. "(I)n the context of a bankruptcy proceeding, a debtor's failure to satisfy their statutory disclosure duty is inadvertent 'only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment.'" Thomas, at *3 (quoting In re Coastal Plains, 179 F.3d 197, 210 (5th Cir. 1999)) and noting that this standard was adopted by the Sixth Circuit in Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002)). *See also* Bland v. Doubletree Hotel Downtown, No. 3:08MD1932, 2010 WL 723805, *3 (D.W.Va., Mar. 2, 2010) and In re Family Dollar Stores, Inc., 2009 WL 1750908, *4 (W.D.N.C., June 19, 2009).

Evans does not maintain that he was unaware of the potential claims against Defendant at the time the original bankruptcy petition was filed. Indeed, he readily admits that he disclosed the information to his bankruptcy attorney and gave him a copy of the EEOC charge. Therefore, the undersigned concludes that Evans did not lack knowledge of the undisclosed claims.

Further, Evans had a motive to conceal his potential case against Defendant. Proper disclosure would have had an impact on the bankruptcy proceeding. *See* In re Family Dollar, at *4 (holding that a Chapter 7 plaintiff had "requisite motivation to conceal claim" since he "would certainly reap a windfall had [he] been able to recover on undisclosed claim without having disclosed it to creditors.") (quoting In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. June 18, 2004)). Evans' motive is underscored by the fact that the motion to reopen the bankruptcy proceeding was not made until after Defendant raised the issue of judicial estoppel in its motion to dismiss.

7

**Conclusion**

Based on a review of the record, the undersigned recommends that the Trustee's motions to intervene be **granted,** and that Defendant's motion to dismiss be **granted**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

June 15, 2011