IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ORANGEBURG DIVISION

| | |
|---|---|
| Brian W. Evans, ) | |
| ) | C/A No. 5:10-2029-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **O R D E R** |
| Allied Air Enterprises, Inc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Brian W. Evans filed the within action on August 3, 2010, alleging that he was terminated by his former employer, Defendant Allied Air Enterprises, Inc., in violation of the American with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").  Plaintiff also alleges a state law cause of action for intentional infliction of emotional distress.

This matter is before the court on motion to dismiss filed by Defendant on November 11, 2010.  Plaintiff filed a memorandum in opposition to Defendant's motion on December 2, 2010, to which Defendant filed a reply on December 13, 2010.  Also before the court is motion to intervene filed by Kevin Campbell, as Trustee of the Bankruptcy Estate of Plaintiff, which motion was filed December 9, 2010, and amended December 10, 2010.  Defendant filed a response in opposition to the Trustee's motion on December 29, 2010, to which the Trustee filed a reply on January 10, 2011.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On June 15, 2011, the

Magistrate Judge issued a Report and Recommendation in which he recommended that the Trustee's motion to intervene be granted, and that Defendant's motion to dismiss also be granted. The Trustee and Plaintiff each filed objections to the Report and Recommendation on July 5, 2011. Defendant filed separate responses in opposition to Plaintiff's and the Trustee's objections on July 19, 2011.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## I.  DISCUSSION

Plaintiff was terminated by Defendant in August 2008. Plaintiff filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission (EEOC) and the South Carolina Human Affairs Commission (SCHAC) on or about February 6, 2009, alleging that his termination was the result of unlawful discrimination. Subsequent to his termination, Plaintiff experienced financial problems. As a result, he retained Roman V. Hammes, Esquire for the purpose of filing for protection under Chapter 7 of the United States Bankruptcy Code. Affidavit of Brian Evans ¶¶ 4-5, ECF No. 8-1. Plaintiff attests that he informed his attorney that he had filed a Charge against Defendant, and provided the attorney with copies of the EEOC documents. Id. ¶¶ 6-7. According to Plaintiff, his attorney informed him that the wrongful termination claim was not property of the bankruptcy estate. Id. ¶ 9. Thus, Plaintiff averred on the

2

filings with the Bankruptcy Court that he had no contingent or unliquidated claims. Plaintiff attests that at the time he signed the documents, he believed them to be true and correct and consistent with his obligations to disclose information to the Bankruptcy court based on the advice he had received from his attorney. Id. ¶ 11.[1] The bankruptcy case was closed by order dated November 17, 2009.

Plaintiff received a Notice of Right to Sue letter from EEOC on or about July 23, 2010, after which he filed the within action. Defendant thereupon filed its motion to dismiss for lack of subject matter jurisdiction. On November 18, 2010, approximately a week after Defendant filed its motion to dismiss, Plaintiff filed a motion in Bankruptcy Court to reopen his bankruptcy case to allow for the administration of additional assets. The motion to reopen was granted on December 1, 2010. Plaintiff's "Statement of Financial Affairs" previously filed with the Bankruptcy Court was amended to show the within action. The Trustee thereafter filed his motion to intervene in order to protect the interests of the bankruptcy estate.

Law/Analysis

A.  Lack of Subject Matter Jurisdiction

Defendant moves to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), asserting that the court lacks jurisdiction because Plaintiff does not have standing to sue in light of his bankruptcy petition.

A bankruptcy estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In a Chapter 7 case, those causes of action, unless abandoned by the trustee or successfully exempted by the debtor, belong to the estate and can only be prosecuted by the trustee. In re Hennegham, Bankruptcy No. 03-11853-SSM, 2005 WL

---

[1] Mr. Hammes' affidavit generally supports Plaintiff's position, although he has no independent recollection of discussing Plaintiff's wrongful termination action with him. Affidavit of Roman V. Hammes, ECF No. 8-2.

2267185 (Bankr. E.D. Va. June 22, 2005) (citing Nat'l Am. Ins. Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir.1999) ("If a cause of action is part of the estate of the bankrupt then the trustee alone has standing to bring that claim."); Detrick v. Panalpina, Inc., 108 F.3d 529, 535 (4th Cir.1997) (only trustee has power to pursue debtor's prepetition cause of action)). A debtor may pursue a claim only upon a showing that 'the claim was exempt from the estate or abandoned by the trustee.'" Glenn v. Bank of America, No. 6:10-1974-HMH, 2010 WL 3786171, *3 (D.S.C. Sept. 22, 2010). Thus, in this case, Plaintiff's claims against Defendant became an asset of the bankruptcy estate when he filed his Chapter 7 petition, and the Trustee then became the real party in interest. See Sigmon v. Potter, 2008 WL 486589 (W.D.N.C. Feb. 19, 2008) (citing Barger v. City of Cartersville, 348 F.3d 1289 (11th Cir. 2003)).

The Magistrate Judge recommended that the Trustee's motion to intervene be granted. The Magistrate Judge noted that, once the motion to intervene was granted, the Trustee would have stand to pursue Plaintiff's claims based on the reopening of the bankruptcy case. The Magistrate Judge further determined that the court would have subject matter jurisdiction once the Trustee, as the real party in interest, has been allowed to intervene. No party objected to these specific findings of the Magistrate Judge as set forth in the Report and Recommendation. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). The court discerns no clear error on the face of the record with respect to the Magistrate Judge's recommendation that the Trustee's motion to intervene be granted, or that the standing issue raised by Defendant has been cured upon granting of the motion to intervene. The court turns to Defendant's alternate ground for

dismissal.

B.      Judicial Estoppel

The Magistrate Judge determined that Plaintiff's claims, whether pursued by him or by the Trustee, are barred by the doctrine of judicial estoppel because, when Plaintiff filed his Chapter 7 petition, Plaintiff concealed from his creditors his potential case against Defendant. Both the Trustee and Plaintiff object to the Magistrate Judge's finding.

"'Judicial estoppel precludes a party from adopting a position that is inconsistent with a stance taken in prior litigation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process.'" Whitten v. Fred's Inc., 601 F.3d 231, 241 (4th Cir. 2010) (quoting Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir.1996)). Judicial estoppel is an equitable doctrine, and the decision whether to invoke it is therefore within the court's discretion. In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir.1999). To establish judicial estoppel, a party generally is required to establish the following elements:

> First, the party sought to be estopped must be seeking to adopt a position that is inconsistent with a stance taken in prior litigation. The position at issue must be one of fact as opposed to one of law or legal theory. Second, the prior inconsistent position must have been accepted by the court. Lastly, the party against whom judicial estoppel is to be applied must have intentionally misled the court to gain unfair advantage. This bad faith requirement is the determinative factor.

Whitten, 601 F.3d at 241 (quoting Zinkand v. Brown, 478 F.3d 634, 638 (4th Cir.2007)). Judicial estoppel is appropriate when a party's position is "'tantamount to a knowing misrepresentation to or even fraud on the court.'" Cannata v. Wyndham Worldwide Corp., No. 2:10-CV-00068-PMP-LRL, 2011 WL 2910112, *5 (D. Nev. July 21, 2011) (quoting Johnson v. Oregon Dep't of Human Resources Rehab. Div., 141 F.3d 1361, 1369 (9th Cir.1998)).

At issue is the last prong of the test, i.e., whether Plaintiff intentionally misled the bankruptcy court to gain unfair advantage. The Magistrate Judge observed that judicial estoppel has been applied in bankruptcy cases based on the rationale that the concealment of legal claims from creditors of the bankruptcy estate demonstrates bad faith on the part of the debtor. Report and Recommendation 6, ECF No. 17 (citing cases). As the Magistrate Judge noted, Plaintiff disclosed his legal claim to his attorney; however, the attorney inadvertently failed to list the asset on the appropriate schedule. The question becomes, then, whether the attorney's oversight is an adequate basis to make a finding of bad faith.

In an exhaustive order, the Cannata court discussed the different manners by which the Circuits have addressed the question of inadvertence in the context of bankruptcy proceedings. In making his ruling, the Magistrate Judge relied upon In re Coastal Plains, Inc., 179 F.3d 197, 210 (5th Cir.1999), wherein the Fifth Circuit concluded that "the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." The Cannata court noted that the Tenth, Eighth, Eleventh, and Third Circuits also have reasoned that the disclosure duty in combination with knowledge of facts or motive to conceal give rise to an inference of intent sufficient to satisfy the bad faith requirements of judicial estoppel. Id. In addition, the Cannata court noted a number of cases that appear to prohibit a party from curing an asset nondisclosure in a bankruptcy proceeding when, as in this case, the party takes action to disclose an asset only after being exposed by an adversary. Id. *7 (citing Scoggins v. Arrow Trucking Co., 92 F. Supp. 2d 1372, 1375–76 (S.D.Ga.2000) (estopping undisclosed claims because court inferred from temporal proximity of events that efforts to reopen bankruptcy case to disclose those claims were precipitated only by

defendant's motion); White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 480 (6th Cir.2010) (stating that attempts to cure nondisclosure of a claim prior to a defendant's filing of a motion to dismiss are more significant in showing inadvertence than attempts to cure made after a defendant's filing of a motion to dismiss)).

To the extent that Plaintiff asserts claims on his own behalf, the court agrees with the Magistrate Judge that judicial estoppel is appropriate. As the Coastal Plains court stated:

> "The rationale for . . . decisions [invoking judicial estoppel to prevent a party who failed to disclose a claim in bankruptcy proceedings from asserting that claim after emerging from bankruptcy] is that the integrity of the bankruptcy system depends on full and honest disclosure by debtors of all of their assets. The courts will not permit a debtor to obtain relief from the bankruptcy court by representing that no claims exist and then subsequently to assert those claims for his own benefit in a separate proceeding. The interests of both the creditors, who plan their actions in the bankruptcy proceeding on the basis of information supplied in the disclosure statements, and the bankruptcy court, which must decide whether to approve the plan of reorganization on the same basis, are impaired when the disclosure provided by the debtor is incomplete."

Coastal Plains, 179 F.3d at 208 (quoting Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996). Defendant's motion to dismiss on the grounds of judicial estoppel is granted as to the issue of judicial estoppel as it applies to Plaintiff.

The Cannata court noted a countervailing policy consideration raised by the Seventh Circuit in Biesek v. Soo Line R.R. Co., 440 F.3d 410, 413 (7th Cir. 2006). The Biesek court held that judicial estoppel was inappropriate when the debtor's claim could realize assets that could be used for the benefit of creditors of the bankruptcy estate. Thus, the Biesek court distinguished between claims that belonged to the debtor, who could realize a windfall if he were to prevail, and claims that belong to the estate, and therefore can be pursued by the Trustee for the benefit of the creditors. Id.

The court finds the reasoning of the Biesek court to be persuasive. Accordingly, to the extent

7

that Plaintiff's claims are the property of the bankruptcy estate, judicial estoppel does not apply to prevent the Trustee from pursuing Plaintiff's claims. As the Trustee argues in his objections to the Report and Recommendation, equity favors the Trustee. To hold otherwise would result in harm to the creditors, who already were harmed by Plaintiff's failure to disclose his potential claim against Defendant. Defendant's motion to dismiss is denied as to the issue of judicial estoppel as it applies to the Trustee.

### III. CONCLUSION

For the reasons stated, the court concurs with the Magistrate Judge's recommendation that Plaintiff should be judicially estopped from asserting claims against Defendant. The court further concurs in the Magistrate Judge's recommendation that the Trustee be permitted to intervene in this action. The court declines to adopt the Report and Recommendation to the extent that it can be read as estopping the Trustee from pursuing Plaintiff's claims against Defendant, with any potential recovery inuring to the benefit of the creditors of the bankruptcy estate. Therefore, the Trustee's motions to intervene (ECF No. 9, 10) are **granted.** Defendant's motion to dismiss (ECF No. 7) is **granted in part and denied in part**. The case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina
September 30, 2011.