IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Brian W. Evans,[1] | ) |
| | ) C/A No. 5:10-2029-TLW-SVH |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) **O R D E R** |
| Allied Air Enterprises, Inc., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff Brian W. Evans filed the within action on August 3, 2010, alleging that he was terminated by his former employer, Defendant Allied Air Enterprises, Inc., in violation of the American with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); and the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ("ERISA"). Plaintiff also alleges a state law cause of action for intentional infliction of emotional distress. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling.

On November 11, 2010, Defendant filed a motion to dismiss. Defendant argued that Plaintiff's claims against Defendant became an asset of the bankruptcy estate when he filed his Chapter 7 petition, and thus Plaintiff lacked standing to pursue this action. Defendant also contended that Plaintiff's claims, whether pursued by him or by the Trustee, are barred by the doctrine of judicial estoppel because, when Plaintiff filed his Chapter 7 petition, Plaintiff concealed

---

[1] The amended complaint lists Kevin Campbell, as Trustee of the Bankruptcy Estate of Brian W. Evans, as Intervenor-Plaintiff. The court will refer to the original parties for clarity in referring to the movant, Brian W. Evans.

from his creditors his potential case against Defendant.

On December 9, 2010, as amended December 10, 2010, Kevin Campbell, as Trustee of the Bankruptcy Estate of Plaintiff, filed a motion to intervene. On June 15, 2011, the Magistrate Judge issued a Report and Recommendation in which he recommended that the Trustee's motion to intervene be granted, and that Defendant's motion to dismiss also be granted. The court adopted the recommendation of the Magistrate Judge in part, (1) granting the Trustee's motion to intervene, which cured the standing issue; (2) finding that Plaintiff should be judicially estopped from asserting claims against Defendant; and (3) determining that judicial estoppel does not apply to prevent the Trustee from pursuing Plaintiff's claims on behalf of the creditors.

This matter now is before the court on Plaintiff's motion for reconsideration, which motion was filed on October 28, 2011. Defendant filed a response in opposition on November 16, 2011, to which Plaintiff filed a reply on November 28, 2011.[2] Plaintiff moves for reconsideration pursuant to Fed. R. Civ. P. 59(e). However, "[m]otions for reconsideration of interlocutory orders [such as the ruling on Defendant's motion to dismiss] are not subject to the strict standards applicable to motions for reconsideration of a final judgment." Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514 (4th Cir. 2003). Such a distinction arises "because a district court retains the power to reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." Id. at 514-15. Accordingly, the court will construe the motion as brought pursuant to Fed. R. Civ. P. 54(b) (providing that any order or decision that does not end the action as to all

---

[2]On October 25, 2011, the within action was reassigned to the Honorable Terry L. Wooten, and on January 1, 2012, the case was reassigned from Magistrate Judge McCrorey to Magistrate Judge Shiva V. Hodges. An amended complaint substituting the Trustee as Plaintiff was filed on November 2, 2011.

2

of the claims or parties "may be revised at any time before the entry of a judgment adjudicating all of the claims and all the parties' rights and liabilities").

Plaintiff first asserts that the court erred in granting Defendant's motion to dismiss on the grounds of judicial estoppel. Plaintiff argues that none of the policy concerns cited by the court exists, because the Trustee, as the real party in interest, will control the litigation for the benefit of the creditors. Plaintiff states that, by reopening his bankruptcy estate, he has received no benefit from the alleged positions taken by him with respect to the underlying litigation. The court disagrees.

"Courts apply judicial estoppel to prevent a party from benefitting itself by maintaining mutually inconsistent positions regarding a particular situation. The purpose of the doctrine is to prevent a party from playing fast and loose with the courts, and to protect the essential integrity of the judicial process." Wright v. Guess, 2010 WL 348377 *1 (D.S.C. Jan. 25, 2010) (quoting Lowery v. Stovall, 92 F.3d 219, 223 (4th Cir.1996)). Courts have repeatedly rejected the argument that judicial estoppel should not be applied when the debtor-plaintiff has attempted to remedy an omission by amending his bankruptcy filings. Id. (citing cases). The court concludes that the application of the doctrine of judicial estoppel is proper in this case. Plaintiff's motion is **denied** as to this issue.

Plaintiff next contends that the court should clarify its order to state it has not ruled that Plaintiff cannot recover funds in excess of his creditors' claims. Judicial estoppel can bar a plaintiff from recovering any proceeds that exceed that which is required to make his creditors whole. See, e.g., Killmeyer v. Oglebay Norton Co., 817 F. Supp. 2d 681 (W.D. Pa. 2011) (noting that judicial estoppel may prevent a plaintiff from recovering an amount beyond that owed to creditors); Roca

v. Kraft Foods Global, Inc., 792 F. Supp. 2d 245 (D.R.I. 2011); Hernandez v. Forest Preserve Dist., 2010 WL 1292499 *4 (N.D. Ill. March 29, 2010); Wiggins v. Citizens Gas & Coke Utility, 2008 WL 4530679 *4 (S.D. Ind. Oct. 7, 2008) (holding that the Trustee was judicially estopped from receiving any monetary recovery beyond the amounts necessary to satisfy claims of creditors, interest, and Trustee's fees); In re Arana, 456 B.R. 151, 171 (E.D.N.Y. 2011) (noting that if surplus funds remain after expenses and claims are paid, a debtor's entitlement to the surplus may be subject to judicial estoppel). At this stage, however, it is unknown whether the Trustee will recover funds in excess of the amounts necessary to satisfy creditors. The court concurs with Plaintiff that a finding of judicial estoppel as to any surplus funds recovered by the Trustee is premature. Plaintiff's motion is **granted** as to this issue. Defendant is granted leave to re-assert judicial estoppel at a later time in the proceedings, if appropriate.

Finally, Plaintiff contends that the court should amend its September 30, 2011 order to state that it is a final judgment under Fed. R. Civ. P. 54(b) and subject to immediate appeal. To effectuate a Rule 54(b) certification, the court first must determine whether the judgment is final. MCI Constructors, LLC v. City of Greensboro, 6110 F.3d 849, 855 (4th Cir. 2010) (citing Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1336 (4th Cir. 1993)). A judgment must be final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action. Id. (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7 (1980)). Second, the district court must determine whether there is no just reason for the delay in the entry of judgment. Id. (quoting Braswell, 2 F.3d at 1335). In determining whether there is no just reason for delay in the entry of judgment, factors the district court should consider, if applicable, include:

(1) the relationship between the adjudicated and unadjudicated claims; (2) the

possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Id. (quoting Braswell, 2 F.3d at 1335-36).

Plaintiff contends that he will be irreparably harmed and a manifest injustice will occur if he is not allowed to pursue an immediate appeal. Plaintiff asserts that the Trustee will be able to settle the case for an amount he deems appropriate, to the possible detriment of Plaintiff. Plaintiff also contends that judicial economy compels a finding in his favor. The court disagrees.

As an initial matter, the court notes that, if Plaintiff's discrimination claims were to settle, the Trustee is obligated to obtain a favorable settlement for the benefit of the creditors. Moreover, it is an open question whether any surplus would inure to the benefit of Plaintiff. Further, this case was filed nearly two years ago and is proceeding in due course before the Magistrate Judge. The court finds that judicial economy will not be promoted if an interlocutory appeal were granted. In fact, such a delay would serve to harm Plaintiff's creditors. Plaintiff's motion is **denied** as to this issue.

Plaintiff's motion to amend (ECF No. 29) is **granted in part and denied in part**. The case is recommitted to the Magistrate Judge for additional pretrial handling.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Chief United States District Judge

Columbia, South Carolina
July 2, 2012

5